UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**NICHOLAS CURRAULT, ET AL.**  CIVIL ACTION

**VERSUS**  NO. 23-2542

**AMERICAN RIVER TRANSPORTATION COMPANY, LLC**  SECTION: D (4)

## ORDER AND REASONS

Before the Court is a Motion for Partial Summary Judgment on Troy Currault's Salvage Claim, filed by defendant, American River Transportation Company, LLC ("ARTCO").[1] Although the Motion only seeks the dismissal of Troy Currault's salvage claim, the Motion is opposed by Troy Currault, Nicholas Currault, Andre Currault, Lower River Ship Service, LLC, and Sidney Freeman (collectively, the "Salvage Plaintiffs").[2] ARTCO has filed a Reply.[3]

After careful consideration of the parties' memoranda and the applicable law, the Court finds that there are genuine issues of fact in dispute and that those disputed factual issues are material. Accordingly, those findings preclude summary judgment at this time. The thrust of ARTCO's Motion is that Troy Currault's salvage claim should be dismissed because he cannot prove an essential element of his claim – the intent to save ARTCO's property from peril.[4] The Court rejects that argument as

---

[1] R. Doc. 16.
[2] R. Doc. 22.
[3] R. Doc. 23.
[4] The Court notes that ARTCO does not argue that Troy Currault cannot satisfy the second element of his salvage claim based upon his intent. In the proposed Joint Pretrial Order, which the Court has adopted, ARTCO asserts for the first time that, "Plaintiffs were protecting their own property in their efforts to move ARTCO's barges in the aftermath of Hurricane Ida. In fact, Plaintiffs maneuvered certain barges to create a barrier so that other barges would strike these barrier barges instead of Lower River's property, effectively putting the barrier barges in harm's way. As such, Plaintiffs do not

baseless. According to the Fifth Circuit, "The doctrine of salvage is settled," and a successful salvage claim requires a plaintiff to prove three elements: (1) a marine peril; (2) voluntary service rendered when not required as an existing duty or from a special contract; and (3) success in whole or in part, or contribution to the success of the operation.[5]

The Court nonetheless finds that a genuine dispute exists as to the third element of Troy Currault's salvage claim, as ARTCO asserts in both its Motion and Reply brief that the actions of the Salvage Plaintiffs subjected ARTCO's barges "to more marine peril, rather than lessening or eliminating it," which caused damage to ARTCO.[6] As ARTCO points out, there is conflicting evidence before the Court regarding the actions taken by the Salvage Plaintiffs and their efforts to salvage ARTCO's break away barges. While Troy Currault testified that his son, Nicholas Currault, used the SHELL FUELER to push several of ARTCO's break away barges away from Lower River Ship Service, LLC ("LRSS") and into the left descending bank of the river, he also testified that he and Nicholas were directing the ARTCO barges to make a dam to create "a buffer zone," so that any ARTCO break away barges would hit other ARTCO barges and get "clogged up."[7] In contrast, both Troy and Nicholas

---

meet the required elements of a valid salvage claim, namely the voluntariness element, because Plaintiffs had a pre-existing duty to protect Lower River's property. Therefore, they should be denied any salvage award." R. Doc. 24 at p. 13. Based upon the evidence referenced in this Order and Reasons, the Court finds that a genuine dispute exists as to the second element of Troy Currault's salvage claim. Indeed, the Court points to the parties' respective Statements of Uncontested Facts relying on Troy Currault's deposition testimony, which highlight not only the disputed facts on this issue, but also raise questions of credibility that are not appropriately made in this analysis. *See,* R. Docs. 16-2 and 22-1.

[5] *U.S. v. EX-USS CABOT/DEDALO*, 297 F.3d 378, 381 (5th Cir. 2002).
[6] R. Doc. 16 at pp. 12-14; R. Doc. 23 at p. 3.
[7] R. Doc. 16-4 at pp. 10, 14-19, & 23.

state in their declaration that, to the extent ARTCO asserts that the SHELL FUELER corralled ARTCO's barges to avoid damaging LRSS, "That is incorrect."[8] Sidney Freeman likewise states in his declaration that he helped Nicholas Currault and Andre Currault use the SHELL FUELER to "catch ARTCO breakaway barges" and "secure[] them along the LRSS facility," but he also states that, "the ARTCO barges were pushed into the left descending bank below LRSS's facility and vessels."[9] As such, it is unclear to the Court whether the actions of the Salvage Plaintiffs was successful or subjected ARTCO's barges to additional peril, a factor which both sides agree is material to resolve this matter.

For the reasons set forth above, **IT IS HEREBY ORDERED** that the Motion for Partial Summary Judgment on Troy Currault's Salvage Claim[10] is **DENIED.**

New Orleans, Louisiana, April 15, 2024.

*/s/ Wendy B. Vitter*
**WENDY B. VITTER**
**United States District Judge**

---

[8] R. Doc. 22-4 at p. 3; R. Doc. 22-5 at p. 3.
[9] R. Doc. 22-6 at pp. 2, 4, & 5.
[10] R. Doc. 16.