## UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **NICHOLAS CURRAULT, ET AL.** | **CIVIL ACTION** |
| **VERSUS** | **NO. 23-2542** |
| **AMERICAN RIVER TRANSPORTATION COMPANY, LLC** | **SECTION: D (4)** |

### ORDER and REASONS

Before the Court is ARTCO's Motion to Stay Execution of Judgment Pending Appeal and Approve Supersedeas Bond, filed by defendant, American River Transportation Company, LLC ("ARTCO").[1] ARTCO asks the Court to stay execution of the Final Judgment entered against it on June 28, 2024 in the amount of $3,761,500.00,[2] pending its appeal to the United States Court of Appeals for the Fifth Circuit.[3] ARTCO also asks the Court to approve a supersedeas bond, a copy of which is attached as an exhibit to the Motion, in the amount of $4,513,800.00, which is equal to 120% of the amount of the judgment against ARTCO, as required by Local Rule 62.2.[4]

Local Rule 7.5 of the Eastern District of Louisiana requires that memoranda in opposition to a motion be filed eight days prior to the noticed submission date. The instant Motion had a submission date of August 20, 2024.[5] As of the date of this Order, the Motion is unopposed.

---

[1] R. Doc. 46.
[2] R. Doc. 44.
[3] *See*, R. Doc. 45.
[4] *See*, R. Doc. 46-2.
[5] R. Doc. 46.

After careful consideration of the unopposed Motion, the record, and the applicable law, the Motion is **GRANTED**.

## I.     LEGAL STANDARD

"Federal Rule of Civil Procedure 62 governs stays of proceedings to enforce judgments."[6]   Rule 62(a) states that, "Except as provided in Rule 62(c) and (d), execution on a judgment and proceedings to enforce it are stayed for 30 days after its entry, unless the court orders otherwise."[7]   Rule 62(b) further provides that, "At any time after judgment is entered, a party may obtain a stay by providing a bond or other security.  The stay takes effect when the court approves the bond or other security and remains in effect for the time specified in the bond or other security."[8]  Rule 62(b) carries forward the supersedeas bond provisions of former Rule 62(d).[9]   The Fifth Circuit has held that former Rule 62(d), which is identical in substance to current Rule 62(b), "entitles a party appealing a money judgment to an automatic stay upon posting a supersedeas bond."[10]   According to the Fifth Circuit, "The purpose of a supersedeas bond is to preserve the status quo while protecting the non-appealing party's rights pending appeal."[11]   Additionally, "The posting of a bond protects the

---

[6] *Gaddy v. Taylor Seidenbach, Inc.*, Civ. A. No. 19-12926, 2020 WL 815292, at *2 (E.D. La. Feb. 19, 2020) (Fallon, J.).

[7] Fed. R. Civ. P. 62(a).

[8] Fed. R. Civ. P. 62(b).

[9] *See*, Fed. R. Civ. P. 62 Advisory Committee Notes to 2018 amendment ("Subdivisions (a), (b), (c), and (d) of former Rule 62 are reorganized and the provisions for staying a judgment are revised. . . . Subdivision 62(b) carries forward in modified form the supersedeas bond provisions of former Rule 62(d).  A stay may be obtained under subdivision (b) at any time after judgment is entered.").

[10] *Hebert v. Exxon Corp.*, 953 F.2d 936, 938 (5th Cir. 1992) (citing *Donovan v. Fall River Foundry Co.*, 696 F.2d 524, 526 (7th Cir. 1982); *NLRB v. Westphal*, 859 F.2d 818, 819 (9th Cir. 1988)).

[11] *Poplar Grove Planting & Ref. Co. v. Bache Halsey Stuart, Inc.*, 600 F.2d 1189, 1190-91 (5th Cir. 1979).

prevailing plaintiff from the risk of a later uncollectible judgment and compensates him for delay in the entry of final judgment."[12]

While Rule 62(b) and its predecessor, former Rule 62(d), do not define the amount or conditions required of a supersedeas bond, the Fifth Circuit has recognized that former Rule 62(D) has been read consistently with its predecessor, Rule 73(d).[13] According to the Fifth Circuit, former Rule 73(d) "had directed that the amount of the bond be computed by the district court to include 'the whole amount of the judgment remaining unsatisfied, costs on the appeal, interest, and damages for delay, unless the court . . . fixes a different amount or orders security other than the bond.'"[14] Local Rule 62.2 of the Eastern District of Louisiana further specifies that, "A bond or other security staying execution of a money judgment must be in the amount of the judgment plus 20% of that amount to cover interest, costs, and any damages award, unless the court directs otherwise." Another Section of this Court has held this to mean that, "120% of a judgment is the appropriate amount for security 'unless the court directs otherwise,' . . . ."[15]

## II.   ANALYSIS

### A. The Court has jurisdiction to consider ARTCO's Motion.

As a preliminary matter, because ARTCO filed a notice of appeal on July 26, 2024 regarding the Court's June 28, 2024 Final Judgment,[16] the Court must

---

[12] *Hebert*, 953 F.2d at 938 (quoting *NLRB v. Westphal*, 829 F.2d 818, 819 (9th Cir. 1988)) (internal quotation marks omitted).
[13] *Poplar Grove*, 600 F.2d at 1191 (citing authority).
[14] *Id.*
[15] *Gaddy v. Taylor Seidenbach, Inc.*, Civ. A. No. 19-12926, 2020 WL 815292, at *2 (E.D. La. Feb. 19, 2020) (*quoting* the Eastern District of Louisiana's Local Civil Rule 62.2).
[16] R. Doc. 45 (*citing* R. Doc. 44).

determine whether it has jurisdiction to approve ARTCO's supersedeas bond and stay execution of the Final Judgment. "The filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal."[17] Further, "The courts of appeals (other than the United States Court of Appeals for the Federal Circuit) shall have jurisdiction of appeals from all final decisions of the district courts of the United States . . . except where a direct review may be had in the Supreme Court."[18] The Fifth Circuit, however, has held that, "After the filing of a notice of appeal, the trial court retains jurisdiction to modify or grant an injunction pending appeal, to act with regard to appeal and supersedeas bonds, and to aid execution of a judgment that has not been superseded."[19] "District courts retain jurisdiction to issue a stay while an appeal is pending, even where a notice of appeal has been filed prior to the request for a stay."[20] The Court therefore finds that it has jurisdiction to address ARTCO's Motion.

### B. ARTCO has posted a supersedeas bond in an amount sufficient to maintain the status quo, as required by Local Rule 62.2.

The Court finds that a stay of the June 28, 2024 Final Judgment is warranted under Fed. R. Civ. P. 62(b) and that ARTCO has posted a bond in the amount required by Local Rule 62.2. Specifically, ARTCO has posted a bond in the amount of

---

[17] *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58, 103 S.Ct. 400, 402, 74 L.Ed.2d 225 (1982).
[18] 28 U.S.C. § 1291.
[19] *United States v. Dunbar*, 611 F.2d 985, 989 (5th Cir. 1980) (citation omitted).
[20] *United States v. Tellez*, Civ. A. No. EP–08–CV–303–KC, 2012 WL 12951152, at *1 (W.D. Tex. Feb. 22, 2012) (citing *In re Miranne*, 852 F.2d 805, 806 (5th Cir. 1988)).

$4,513,800.00, which is an amount equal to the amount of the Final Judgment ($3,761,500.00) plus an additional 20%. Because ARTCO has posted a supersedeas bond in the amount required by the Court's Local Rules, the Court finds that ARTCO's bond is sufficient and that ARTCO is entitled to an automatic stay of the June 28, 2024 Final Judgment pending its appeal to the Fifth Circuit.

### III.   CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED** that ARTCO's Motion to Stay Execution of Judgment Pending Appeal and Approve Supersedeas Bond[21] is **GRANTED**.

**IT IS FURTHER ORDERED** that the Supersedeas Bond filed by ARTCO as an exhibit to its Motion in the amount of $4,513,800.00[22] is hereby found good and sufficient security.

**IT IS FURTHER ORDERED** that this Court's June 28, 2024 Final Judgment[23] is hereby **STAYED** pending resolution of ARTCO's appeal to the United States Fifth Circuit Court of Appeals.

New Orleans, Louisiana, August 20, 2024.

_____
**WENDY B. VITTER**
**United States District Judge**

---

[21] R. Doc. 46.
[22] R. Doc. 46-2.
[23] R. Doc. 44.